UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PEGGY BRYANT AND DEAN BRYANT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:20CV365 HEA |
| ) | |
| ETHICON, INC and JOHNSON & JOHNSON, ) | |
| ) | |
| Defendants. ) | |

## AMENDED OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment, [Doc. No. 15]. Plaintiffs partially oppose the Motion. For the reasons set forth below, the Motion is denied in part and granted in part.

### Facts and Background

On August 3, 2004, Plaintiff Peggy Bryant, a Missouri resident, underwent implantation of a TVT device for treatment of stress urinary incontinence performed by Dr. David Keetch in St. Louis, Missouri. On March 17, 2005, Dr. Keetch performed surgery to remove a portion of the TVT implant that had become exposed. That procedure also took place in St. Louis, Missouri.

On April 10, 2009, Plaintiff underwent implantation of an AMS Monarc in St. Louis, Missouri to treat stress urinary incontinence.

On April 27, 2011, Plaintiffs filed a Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of Missouri. Case No. 11-44346 (Bankr. E.D. Mo.). Plaintiffs' bankruptcy schedules did not disclose any potential lawsuits; there was no listing of any contingent or unliquidated claims.

On November 30, 2011, the Bankruptcy Court confirmed the Plaintiffs' Chapter 13 plan. Plaintiffs completed plan payments and received a discharge on May 22, 2017. Approximately $38,200 in payments were disbursed to creditors, while more than $81,600 of unsecured claims were discharged without payment.

The Plaintiffs' bankruptcy was closed on July 10, 2017 and has not been reopened. Plaintiffs filed a motion in the Bankruptcy Court to allow them to retain a settlement Peggy Bryant received from a lawsuit subsequent to the filing of the Bankruptcy Petition.  The Bankruptcy Court granted the motion.

Dr. Keetch testified that he had no memory of ever receiving or reviewing the Instructions for Use for the TVT device. Keetch also testified that, prior to the implant surgery in August 2004, he was already aware of several potential risks and complications associated with the TVT, including: acute and/or chronic pain, acute and/or chronic pain with intercourse, vaginal scarring, infection, urinary problems, organ or nerve damage, bleeding, wound complications, inflammation, fistula formation, neuromuscular problems, need for additional

2

surgeries, recurrence of incontinence, foreign body response, erosion or exposure of the mesh, and contraction or shrinkage of tissues.

Plaintiffs filed this action on April 10, 2015 in the Southern District of West Virginia multi-district Ethicon, Inc. Pelvic Repair Systems Products Liability Litigation, MDL Number 2327, Cause Number 2:15CV4369. Defendants filed the motion for summary judgment on October 11, 2018. On March 6, 2020, the MDL Court transferred the action to this court.

Plaintiffs assert the following claims: negligence (Count I); strict liability – manufacturing defect (Count II); strict liability – failure to warn (Count III); strict liability – defective product (Count IV); strict liability – design defect (Count V); common law fraud (Count VI); fraudulent concealment (Count VII); constructive fraud (Count VIII); negligent misrepresentation (Count IX); negligent infliction of emotional distress (Count X); breach of express warranty (Count XI); breach of implied warranty (Count XII); violation of consumer protection laws (Count XIII); gross negligence (Count XIV); unjust enrichment (Count XV); loss of consortium (Count XVI); punitive damages (Count XVII); discovery rule and tolling (Count XVIII).

Plaintiff alleges she has suffered the following injuries from the TVT: recurrent leakage, multiple surgeries, painful intercourse, mesh that "poked through the vaginal wall," multiple UTIs, frequency and urgency, incomplete

3

emptying, hesitancy, abdominal pain, and depression. She asserts that she first experienced symptoms of bodily injury "[s]hortly after surgery."

The parties agree that the substantive law of Missouri applies to this case. This case was filed directly in the MDL. The MDL Court has ruled that for cases filed directly in the MDL, "the choice of law that applies is the place where the plaintiff was implanted with the product." *Belanger v. Ethicon, Inc.*, No. 2:13-cv-12036, 2014 WL 346717, at *7 (S.D. W.Va. Jan. 30, 2014). Plaintiff's implant surgery occurred in Missouri.

## Standard for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.,* 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence

4

showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Herring v. Canada Life Assur. Co.,* 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505). A party resisting summary judgment has the burden to designate the specific facts that create a triable controversy. *See Crossley v. Georgia–Pacific Corp.,* 355 F.3d 1112, 1114 (8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir. 1993).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.,* 210 F.3d 845, 847 (8th Cir. 2000).

**Discussion**

**Judicial Estoppel**

Defendants initially argue they are entitled to summary judgment under the judicial estoppel doctrine.

> "The doctrine of judicial estoppel prevents a party who 'assumes a certain position in a legal proceeding, and succeeds in maintaining that position,' from later 'assum[ing] a contrary position.'" *Scudder v. Dolgencorp, LLC*, 900 F.3d 1000, 1006 (8th Cir. 2018) (alteration in original) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) ). Three considerations "typically inform the decision whether to apply the doctrine in a particular case:" 1) "a party's later position must be clearly inconsistent with its earlier position," 2) whether the party "succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled," and 3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750-51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (quotations omitted).

*Baouch v. Werner Enterprises, Inc.*, 908 F.3d 1107, 1113 (8th Cir. 2018), *cert. denied,* 140 S. Ct. 122, 205 L. Ed. 2d 41 (2019).

> Both federal and Missouri courts have long considered judicial estoppel an equitable doctrine designed to protect the integrity of the judicial process, preserve the dignity of the courts, and insure order in judicial proceedings. *See New Hampshire*, 532 U.S. at 750-51, 121 S.Ct. 1808; *Edwards v. Durham*, 346 S.W.2d 90, 101 (Mo. 1961). The doctrine "embodies the notions of common sense and fair play." *Egan v. Craig*, 967 S.W.2d 120, 126 (Mo. App. 1998). Because the issue is raised in numerous contexts, it is not a doctrine for which "inflexible prerequisites" are appropriate. *New Hampshire*, 532 U.S. at 751, 121 S.Ct. 1808. In *Taylor* and *State Board*, very different claims of judicial estoppel were summarily rejected without the need for extensive analysis. We conclude that the Supreme Court of Missouri would consider the non-exclusive *New Hampshire* factors in other cases when they are relevant.

*Kirk v. Schaeffler Grp. USA, Inc.*, 887 F.3d 376, 384 (8th Cir. 2018).

Defendants argue the Court should exercise its discretion and apply judicial estoppel doctrine to grant judgment in their favor in this case because Plaintiff failed to list contingent and unliquidated claim against defendants in her Chapter 13 Bankruptcy proceeding.  Plaintiff admittedly did not list claim but urges that the failure to list it was inadvertent; she is a layperson and did not realize it should have been listed.

In response, Defendants argue Plaintiffs clearly knew of the claim at several different times throughout the course of this litigation and still have not moved to reopen their Bankruptcy proceeding so the Bankruptcy Trustee could ascertain whether to pursue any contingent funds for Plaintiffs' former creditors.

The first *New Hampshire* factor weighs in favor of judicial estoppel. Plaintiffs clearly took inconsistent positions by failing to amend or reopen the Chapter 13 Bankruptcy proceeding to list the contingent and unliquidated personal injury claim while conversely filing this action to obtain a monetary judgment against Defendants.

The second *New Hampshire* factor weighs also favors judicial estoppel. Plaintiffs have "persuaded" the Bankruptcy Court to accept their position that their assets were listed fully and completely for distribution through the Chapter 13 Plan of Repayment.  They did not allow the Trustee to ascertain whether the Plan should

7

be modified for the contingent and unliquidated claim, which could possibly provide more funds for the creditors. Generally, a debtor is required to amend Chapter 13 bankruptcy schedules to include potential lawsuits because "a Chapter 13 estate includes not only the property the debtor had at the time of filing, but also wages and property acquired after filing but before discharge." *Combs v. The Cordish Companies, Inc.*, 862 F.3d 671, 679 (8th Cir. 2017).

Here, the alleged injuries occurred before Plaintiffs filed their original bankruptcy petition. As a result, the potential claims should have been included in the bankruptcy estate. Likewise, assuming Plaintiffs veracity in not realizing they should have included a potential lawsuit, the bankruptcy schedules should have been amended at several different times during the course of this litigation.

Significantly, the third *New Hampshire* factor weighs against judicial estoppel.

> The doctrine of judicial estoppel "protects the integrity of the judicial process." *Total Petroleum, Inc. v. Davis,* 822 F.2d 734, 738 n. 6 (8th Cir.1987). A court invokes judicial estoppel when a party abuses the judicial forum or process by making a knowing misrepresentation to the court or perpetrating a fraud on the court. *Id.* "Judicial estoppel prevents a person who states facts under oath during the course of a trial from denying those facts in a second suit, even though the parties in the second suit may not be the same as those in the first." *Monterey Dev. Corp. v. Lawyer's Title Ins. Corp.,* 4 F.3d 605, 609 (8th Cir.1993). Therefore, a party that takes a certain position in a legal proceeding, "and succeeds in maintaining that position," is prohibited from thereafter assuming a contrary position "simply because his interests have changed," especially if doing so prejudices the party "who acquiesced in the position formerly taken by him." *New Hampshire,* 532 U.S. at 748, 121 S.Ct. 1808 (internal quotations and citations omitted).

*Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006).

Unfair detriment is not at issue; Defendants do not claim Plaintiffs' failure to disclose the claims in bankruptcy imposed an unfair detriment on them. Furthermore, Plaintiffs have not received an unfair advantage in *this* case. Essentially, Defendants are asking for a windfall in this case, *i.e.*, dismissal of the claims without a determination of the merits. One injustice cannot justify another.

Rather than dismiss Plaintiffs' substantive claims, the Court is of the opinion that it is incumbent on the Court to notify the Bankruptcy Court of the pendency of this case so it can proceed as it determines appropriate. The Court, therefore, declines to invoke judicial estoppel to bar Plaintiff's claims.

**Learned Intermediary-Counts I and III**

Defendants contend they are entitled to summary judgment on the strict liability claim for failure to warn because plaintiff's implanting physician, Dr. Keetch, testified that he did not recall if he read the warnings or if he relied on the warnings.

A plaintiff alleging failure to warn must establish causation by showing "that a warning would have altered the behavior of the individuals involved...." *Moore v. Ford Motor Co.*, 332 S.W.3d 749, 762 (Mo. *banc* 2011) (internal quotation omitted); *Tune v. Synergy Gas Corp.*, 883 S.W.2d 10, 14 (Mo. *banc* 1994). In cases involving medical devices, Missouri courts apply the learned intermediary

9

doctrine, which requires a manufacturer to properly warn the doctor of the dangers involved. *Krug v. Sterling Drug, Inc.*, 416 S.W.2d 143, 146 (Mo. 1967); *Kirsch v. Picker Int'l, Inc.*, 753 F.2d 670, 671 (8th Cir. 1985). "[T]here are two separate causation requirements for a failure to warn case: '(1) the product for which there was no warning must have caused plaintiff's injuries; and (2) plaintiff must show a warning would have altered his behavior." *Cole v. Goodyear Tire & Rubber Co.,* 967 S.W.2d 176, 184 (Mo.Ct.App.1998); *see also Arnold v. Ingersoll–Rand Co.,* 834 S.W.2d 192, 194 (Mo.1992) (en banc).

A heeding presumption exists that "where a plaintiff did not know of a nonobvious hazard, adequate warnings would have been heeded." *Ware v. Whiting Corp.,* No. 4:05–CV–01332, 2007 WL 2409751, at *5 (Mo.E.D. Aug. 20, 2007) (citing *Arnold v. Ingersoll–Rand Co.,* 834 S.W.2d 192, 194 (Mo.1992) (en banc)). This presumption may be rebutted "[i]f the defendant produces [rebuttal] evidence so strong that would necessarily persuade any reasonable trier of fact that an adequate warning would have been futile…." *Bachtel*, 747 F.3d at 971.

Lack of recall does not, at this point in the litigation, equate with evidence so strong that would necessarily persuade any reasonable trier of fact that an adequate warning would have been futile.  Genuine disputes as to any warnings that may have been given and whether, if so, they would have been heeded.  Summary judgment on Counts I and III is therefore denied.

Prior knowledge of the risks involved do not entitle Defendants to summary judgment. The record has yet to be fully developed as to the extent of Dr. Keetch's knowledge and the effects thereof.

**Counts II, IV, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, and XV**

Plaintiffs state they will not proceed on several claims, namely: strict liability – manufacturing defect (Count II); common law fraud (Count VI); fraudulent concealment (Count VII); constructive fraud (Count VIII); negligent misrepresentation (Count IX); negligent infliction of emotional distress (Count X); breach of express warranty (Count XI); breach of implied warranty (Count XII); violation of consumer protection laws (Count XIII); gross negligence (Count XIV); and unjust enrichment (Count XV). Further, Plaintiffs did not response to Defendants' arguments with respect to Count IV (strict liability – defective product). Accordingly, Ethicon is entitled to summary judgment on these claims, and the Court will dismiss Counts II, IV, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, and XV with prejudice.

## Conclusion

Based upon the foregoing analysis, Defendants are not entitled to application of the judicial estoppel doctrine. Nor are they entitled to summary judgment based upon the learned intermediary theory. They are, however entitled to summary judgment as to Counts II, IV, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, and XV.

11

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, [Doc. No. 15], denied in part and granted in part.

**IT IS FURTHER ORDERED** that summary judgment is granted with respect to Counts II, IV, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, and XV.  These counts are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forward a copy of this Opinion, Memorandum and Order to be filed in Plaintiffs' Bankruptcy Proceedings, with directions to notify the Chapter 13 Trustee as well.

Dated this 22nd   day of July, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE